UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL BEASLEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JULIE H. BECKER, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:24-cv-02832 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP application and, for the reasons discussed below, it dismisses this matter without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff, a resident of the District of Columbia, sues an Associate Judge of the Superior Court of the District of Columbia. *See* Compl. at 2. He challenges a custody determination issued by the Superior Court, granting custodial rights to his child's grandmother. *See id.* at 4. He alleges that this determination violates his fundamental rights, and he demands $1 million in damages. *See id.* at 4, 6.

Plaintiff has failed to establish subject-matter jurisdiction. *See generally* 28 U.S.C. §§ 1331, 1332. Federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).

Indeed, the domestic relations exception generally deprives a federal district court of the "power to issue . . . child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to modify existing child support obligations or custody determinations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction to "resolve parental conflicts over the custody of . . . children"). State custody determinations must be contested in the local court where the proceedings were held. *See id.* at 1042–43 (explaining that child custody issues are uniquely suited to resolution in local courts).

Finally, a court is immune from suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court cases have held that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

For the foregoing reasons, the complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: November 27, 2024

/s/_____
ANA C. REYES
United States District Judge